UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STACY CHILDRESS,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | |
| **EMPIRE TODAY, LLC,** a Delaware limited liability company, | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stacy Childress ("Childress" or "Plaintiff Childress") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Empire Today, LLC ("Empire Today" or "Defendant") to stop their practice of making unsolicited calls using an artificial or pre-recorded voice to the cellular telephone numbers of consumers, and obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Childress resides in Decatur, Illinois.

2. Defendant Empire Today is a Delaware limited liability company with its principal place of business located in Northlake, Illinois. Defendant Empire Today conducts business throughout this District, the State of Illinois, and the United States.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed to Plaintiff in this District.

## TCPA BACKGROUND

5. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

7. While "prior express consent" is required for all automated and pre-recorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be

> obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

8. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

16. According to a respected robocall watch site, robocalls have increased by a whopping 494% in a four year span: from 8.9 billion in the last three quarters of 2015 to 43 billion in the same nine months of 2019. *See* YouMail Robocall Index, Historical Robocalls by Time, available at https://robocallindex.com/history/time/ (accessed Mar. 5, 2020).

17. Of the 58.5 billion robocalls made in 2019, YouMail reports that over half of these calls—56%—were scam calls, spoofed calls, or telemarketing calls. *Id*.

18. Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

## INTRODUCTION TO DEFENDANT EMPIRE TODAY

19. Empire Today is a company that provides carpeting, flooring, blinds, shades, and other products to consumers and businesses.[3]

20. Part of Defendant's marketing plan includes placing calls *en masse* to consumers in order to solicit sales of its flooring and window products.

21. These calls are placed using dialing software with the capacity to store and dial through lists of telephone numbers *en masse* without human intervention to place calls to consumers using a pre-recorded voice message without first obtaining prior express written consent as required.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.empiretoday.com/

## COMMON FACTUAL ALLEGATIONS

**Defendant Places Solicitation Calls to Consumers Using an Artificial or Pre-recorded Voice**

22. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or pre-recorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

23. Defendant solicits businesses and consumers through telemarketing using an artificial or pre-recorded voice.

24. Defendant is required by the TCPA to obtain prior express written consent before calling individuals using an artificial or pre-recorded voice on their cellular telephone numbers.

25. Yet in violation of this requirement, Defendant Empire Today failed to obtain any prior express consent to make artificial or pre-recorded voice solicitation calls to Plaintiff's and other consumers' cellular telephone numbers.

26. There are numerous complaints about unsolicited and autodialed telemarketing calls that consumers have received from Empire Today. This is a small sample of those complaints:

- "Empire Today (Telemarketer)"[4]
- "Robo dialer"[5]

---

[4] https://us.shouldianswer.net/phone-number/7038289264
[5] https://checkwhocalled.com/phone-number/1-703-828-9264

### FACTS SPECIFIC TO THE PRE-RECORDED SOLICITATION PHONE CALL PLAINTIFF STACY CHILDRESS RECEIVED ON HIS CELL PHONE

27. On March 12, 2020, Plaintiff Childress received a pre-recorded solicitation call from Defendant Empire Today from (217) 413-4362 to his cell phone. When Childress answered this call, he heard a pre-recorded message identifying Empire Today and offering a flooring and carpeting promotion.

28. Plaintiff Childress does not have a relationship with Defendant, or any of its affiliated companies, and has never requested that Defendant place calls to him. Simply put, Defendant did not possess Plaintiff's prior express written consent to place any telephone calls to him on his cellular telephone using an artificial or pre-recorded voice.

29. By making unauthorized telephone calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the call disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

30. In order to redress these injuries, Plaintiff, on behalf of himself and the class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits artificial or pre-recorded voice calls to cellular phone numbers.

### CLASS ALLEGATIONS

31. Plaintiff bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called (2) for the substantially the same purpose Defendant called Plaintiff (3) using a pre-recorded voice, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call using a pre-recorded voice Plaintiff or for whom Defendant does not claim to have prior express consent.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipate the need to amend the class definition following appropriate discovery.

33. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed artificial or pre-recorded voice calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

7

(a) whether Defendant used a pre-recorded voice when placing calls to Plaintiff and the members of the Class;

(b) whether Defendant placed a pre-recorded voice call to Plaintiff and members of the Class without first obtaining consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

37. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint and incorporates them by reference.

38. Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Class using a pre-recorded voice.

39. These pre-recorded voice calls were made *en masse* without the consent of the Plaintiff and the other members of the Class.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

41. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

42. An award of actual and/or statutory damages and costs;

43. An order declaring that Defendant's actions, as set out above, violate the TCPA;

44. An injunction requiring Defendant to cease all unsolicited artificial or pre-recorded voice calling activities, and otherwise protecting the interests of the Class; and

45. Such other and further relief that the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff request a trial by jury.

        Respectfully submitted,

        **STACY CHILDRESS**, individually and on behalf of a class of similarly situated individuals

Dated: May 4, 2020

/s/ *Juneitha Shambee*
Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL 60202
(773) 741-3602
juneitha@shambeelaw.com
ARDC: 6308145

Stefan Coleman (FL Bar No. 30188)
Law@StefanColeman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Fax: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881